IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Southern Division)

**JACOB RYAN HELSEL**                                          *
4775 Southwest 43rd Terrace
Fort Lauderdale, Florida 33314                        *

    *Plaintiff*                                          *

    v.                                          *

**CORPORAL CHRISTOPHER OVES (2319)**         *
Montgomery County Police Department
Sixth District Special Assignment Team (SAT)    *
45 West Watkins Mill Road
Gaithersburg, Maryland 20878                       *

**OFFICER MICHAEL HARTMAN (2287)**          *
Montgomery County Police Department
Sixth District Special Assignment Team (SAT)    *
45 West Watkins Mill Road
Gaithersburg, Maryland 20878                       *

**OFFICER BRIAN HELTON (2514)**                 *
Montgomery County Police Department
Sixth District Special Assignment Team (SAT)    *
45 West Watkins Mill Road
Gaithersburg, Maryland 20878                       *

    and                                          *

**OFFICER JONATHAN ANSPACH (2294)**        *
Montgomery County Police Department
Sixth District Special Assignment Team (SAT)    *
45 West Watkins Mill Road
Gaithersburg, Maryland 20878                       *

    *Defendants*                                     *          Civil Action No.
*       *       *       *       *       *       *       *       *       *       *       *       *

**COMPLAINT AND DEMAND FOR JURY TRIAL
FOR MONETARY DAMAGES FOR VIOLATION OF
PLAINTIFF'S CIVIL RIGHTS**

1

NOW COMES Plaintiff, Jacob Ryan Helsel, by and through his undersigned counsel, Anton L. Iamele and IAMELE & IAMELE, LLP, who hereby sues Defendant, Montgomery County Police Corporal Christopher Oves (Identification Number 2319), Officer Michael Hartman (Identification Number 2287), Officer Brian Helton (Identification Number 2514), and Officer Jonathan Anspach (Identification Number 2294), and as reasons states as follows:

## Introduction

1.   This is an action for monetary damages brought pursuant to 42 U.S.C. §§ 1983 and 1988, the Fourth and Fourteenth Amendments of the United States Constitution, the common law of the State of Maryland, and the Maryland Declaration of Rights against Montgomery County Police Corporal Christopher Oves (Identification Number 2319), Officer Michael Hartman (Identification Number 2287), Officer Brian Helton (Identification Number 2514), and Officer Jonathan Anspach (Identification Number 2294).

2.   It is alleged herein that Defendants Oves, Hartman, Helton, and Anspach made an unreasonable seizure of the person of Plaintiff Jacob Ryan Helsel on February 13, 2020, thereby violating his rights under the Fourth and Fourteenth Amendment of United States Constitution, as well as, the Maryland Declaration of Rights. It is further alleged that Defendant Oves, Hartman, Helton, and Anspach employed unwarranted and excessive force in effecting the seizure at issue in this Complaint.

## Jurisdiction and Venue

3.   This Court has jurisdiction over the subject matter of this Complaint under 42 U.S.C. § 1983 and 28 U.S.C. §§ 1331, 1343(a)(3), 1343(a)(4) and 1367(a).

4.   This Court further has jurisdiction over the subject matter of this Complaint under 28 U.S.C. §1332. For purposes of jurisdictional evaluation it is further indicated that Plaintiff is seeking damages in excess of $75,000.00.

5.   Venue is proper under 28 U.S.C. § 1391 as the causes of action set forth in this Complaint concern events that occurred in Montgomery County, Maryland.

6.   On or about May 24, 2021, notice of the claims advanced herein was posted in accordance with Maryland's Local Government Tort Claims Acts to the Montgomery County, County Executive. This notice letter was received by the Montgomery County, County Executive on or about May 26, 2021.

**Parties**

7.   Plaintiff Jacob Ryan Helsel is a citizen of the State of Florida residing at 4775 Southwest 43rd Terrace, Fort Lauderdale, Florida 33314.

8.   At all times relevant to the instant complaint, Defendant Montgomery County Police Corporal Christopher Oves (2319) was acting as an authorized agent, servant, and/or employee of the Montgomery County Police Department, Sixth District Special Assignment Team (SAT), 45 West Watkins Mill Road, Gaithersburg, Maryland 20878. At all times relevant to this Complaint, Defendant Montgomery County Police Officer Corporal Christopher Oves (2319) was acting within the scope and course of his employment as a member of the Montgomery County Police Department and under the color of state law. He is sued in both his independent and official capacity.

9.   At all times relevant to the instant complaint, Defendant Montgomery County Police Officer Michael Hartman (2287) was acting as an authorized agent, servant, and/or employee of the Montgomery County Police Department, Sixth District Special Assignment Team (SAT), 45

3

West Watkins Mill Road, Gaithersburg, Maryland 20878. At all times relevant to this Complaint, Defendant Montgomery County Police Officer Michael Hartman (2287) was acting within the scope and course of his employment as a member of the Montgomery County Police Department and under the color of state law. He is sued in both his independent and official capacity.

10. At all times relevant to the instant complaint, Defendant Montgomery County Police Officer Brian Helton (2514) was acting as an authorized agent, servant, and/or employee of the Montgomery County Police Department, Sixth District Special Assignment Team (SAT), 45 West Watkins Mill Road, Gaithersburg, Maryland 20878. At all times relevant to this Complaint, Defendant Montgomery County Police Officer Mic Brian Helton (2514) was acting within the scope and course of his employment as a member of the Montgomery County Police Department and under the color of state law. He is sued in both his independent and official capacity.

11. At all times relevant to the instant complaint, Defendant Montgomery County Police Officer Jonathan Anspach (2294) was acting as an authorized agent, servant, and/or employee of the Montgomery County Police Department, Sixth District Special Assignment Team (SAT), 45 West Watkins Mill Road, Gaithersburg, Maryland 20878. At all times relevant to this Complaint, Defendant Montgomery County Police Officer Jonathan Anspach (2294) was acting within the scope and course of his employment as a member of the Montgomery County Police Department and under the color of state law. He is sued in both his independent and official capacity.

**Facts**

12. At all times relevant to this Complaint the southbound roadway of Frederick Avenue was wet and slick due to rainy conditions.

13. Defendants Corporal Christopher Oves (2319), Officer Michael Hartman (2287), Officer Brian Helton (2514), Officer Jonathan Anspach (2294), and/or other members of the Sixth

4

District Special assignment Team (SAT) of the Montgomery County Police Department were conducting surveillance at 11202 White Barn Court, Gaithersburg, Maryland 20879.

14. At all times relevant to this Complaint, Defendants Corporal Christopher Oves (2319), Officer Michael Hartman (2287), Officer Brian Helton (2514), Officer Jonathan Anspach (2294), and/or other members of the Sixth District Special assignment Team (SAT) of the Montgomery County Police Department were operating unmarked vehicles and were clothed in plain clothes.

15. On February 13, 2020, Plaintiff Jacob Ryan Helsel was operating a 2018 Mercedes-Benz he owned.

16. Plaintiff Jacob Ryan Helsel traveled to 11202 White Barn Court, Gaithersburg, Maryland 20879. Plaintiff Jacob Ryan Helsel exited his vehicle and entered the residence.

17. Plaintiff Jacob Ryan Helsel exited the residence and walked to his 2018 Mercedes-Benz.

18.  Defendants Corporal Christopher Oves (2319), Officer Michael Hartman (2287), Officer Brian Helton (2514), Officer Jonathan Anspach (2294), and/or other members of the Sixth District Special assignment Team (SAT) of the Montgomery County Police Department observed Plaintiff Jacob Ryan Helsel exit the residence and walk to the 2018 Mercedes-Benz.

19. Defendants Corporal Christopher Oves (2319), Officer Michael Hartman (2287), Officer Brian Helton (2514), Officer Jonathan Anspach (2294), and/or other members of the Sixth District Special assignment Team (SAT) of the Montgomery County Police Department further observed Plaintiff Jacob Ryan Helsel enter the driver's side.

20. Defendants Corporal Christopher Oves (2319), Officer Michael Hartman (2287), Officer Brian Helton (2514), Officer Jonathan Anspach (2294), and/or other members of the Sixth District Special Assignment Team (SAT) of the Montgomery County Police Department

undertook no efforts to approach, arrest, and/or otherwise detain Plaintiff Jacob Ryan Helsel prior to entering the 2018 Mercedes-Benz and/or prior to the vehicle leaving the premises.

21. Plaintiff Jacob Ryan Helsel started his vehicle and began driving.

22. Defendants Corporal Christopher Oves (2319), Officer Michael Hartman (2287), Officer Brian Helton (2514), Officer Jonathan Anspach (2294), and/or other members of the Sixth District Special Assignment Team (SAT) of the Montgomery County Police Department initiated a "mobile surveillance" of the 2018 Mercedes-Benz operated by Plaintiff Jacob Ryan Helsel.

23. Plaintiff Jacob Ryan Helsel was traveling southbound on Frederick Avenue at or near the intersection of Frederick Avenue and Watkins Mill Road in Gaithersburg, Maryland.

24. Defendant Officer Michael Hartman (2287) was operating a black Ford Expedition traveling northbound on Frederick Avenue. Defendant Officer Michael Hartman (2287) abruptly made a U-turn and traveled straight on southbound Frederick Avenue at an excessive rate of speed.

25. Defendant Officer Michael Hartman (2287) drove past the vehicle operated by Plaintiff Jacob Ryan Helsel at an excessive rate of speed, entered Plaintiff Ryan Jacob Helsel's lane of travel, abruptly slammed on his brakes, and placed his vehicle in reverse.

26. Defendant Officer Michael Hartman (2287) drove the black Ford Expedition in reverse at a high rate of speed and collided into the vehicle operated by Plaintiff Jacob Ryan Helsel. Defendant Michael Hartman (2287) struck the 2018 Mercedes-Benz operated by Plaintiff Jacob Ryan Helsel in the front of the vehicle.

27. Defendant Officer Brian Helton (2514) was operating a black Ford Expedition on southbound Frederick Avenue when he struck the driver's side of the vehicle operated by Plaintiff Jacob Ryan Helsel.

28. A third black Ford Expedition operated by Defendant Officer Jonathan Anspach then struck the passenger side of the vehicle operated by Plaintiff Jacob Ryan Helsel.

29. Finally, Defendant Corporal Christopher Oves (2319) struck the rear of the vehicle operated by Plaintiff Jacob Ryan Helsel. Defendant with a Honda Accord.

30. During the course of the four distinct impacts Plaintiff Jacob Ryan Helsel struck his head on a pillar of the vehicle and briefly lost consciousness.

31. At no time prior to striking Plaintiff Jacob Ryan Helsel's vehicle did Defendants Corporal Christopher Oves (2319), Officer Michael Hartman (2287), Officer Brian Helton (2514), and/or Officer Jonathan Anspach (2294) activate emergency equipment on their vehicle to include lights and/or a siren.

32. At no time prior to striking Plaintiff Jacob Ryan Helsel's vehicle did Defendants Corporal Christopher Oves (2319), Officer Michael Hartman (2287), Officer Brian Helton (2514), and/or Officer Jonathan Anspach (2294) attempt to initiate a traffic stop of Plaintiff Jacob Ryan Helsel.

33. Defendants Corporal Christopher Oves (2319), Officer Michael Hartman (2287), Officer Brian Helton (2514), and/or Officer Jonathan Anspach (2294) slid across the hood of a vehicle, drew their service weapon and aimed the gun at Plaintiff Jacob Ryan Helsel through the cracked driver's side window.

34. Up to this point, Defendants Corporal Christopher Oves (2319), Officer Michael Hartman (2287), Officer Brian Helton (2514), Officer Jonathan Anspach (2294) had not identified

themselves as members of the Montgomery County Police Department, nor were they wearing any clothing and/or other insignia that identified themselves and members of the Montgomery County Police Department.

35. Defendant Officer Michael Hartman (2287) ordered Plaintiff Jacob Ryan Helsel out of the vehicle.

36. Plaintiff Jacob Ryan Helsel complied with Defendant Officer Michael Hartman's (2287) order and exited the vehicle.

37. Defendants Corporal Christopher Oves (2319), Officer Michael Hartman (2287), Officer Brian Helton (2514), and/or Officer Jonathan Anspach (2294) utilized physical force against Plaintiff Jacob Ryan Helsel, including but not limited to forcefully pushing, forcefully shoving, and forcefully slamming Plaintiff Jacob Ryan Helsel body into the vehicle(s) present on the scene.

38. Defendants Corporal Christopher Oves (2319), Officer Michael Hartman (2287), Officer Brian Helton (2514), and/or Officer Jonathan Anspach (2294) conducted a search of Plaintiff Jacob Ryan Helsel and the 2018 Mercedes-Benz.

39. Defendants Corporal Christopher Oves (2319), Officer Michael Hartman (2287), Officer Brian Helton (2514), and Officer Jonathan Anspach (2294) had not observed Plaintiff Jacob Ryan Helsel commit a criminal offense and/or act in a manner that was contrary to Maryland law prior to the time of the mobile surveillance and/or collision.  Defendants Corporal Christopher Oves (2319), Officer Michael Hartman (2287), Officer Brian Helton (2514), and Officer Jonathan Anspach (2294) acted without legal justification or a proper purpose.

40. Defendants Corporal Christopher Oves (2319), Officer Michael Hartman (2287), Officer Brian Helton (2514), and Officer Jonathan Anspach (2294) were not in possession of a warrant authorizing the arrest of Plaintiff Jacob Ryan Helsel.

41. Defendants Corporal Christopher Oves (2319), Officer Michael Hartman (2287), Officer Brian Helton (2514), and Officer Jonathan Anspach (2294) had not witnessed Plaintiff Jacob Ryan Helsel commit any on-view misdemeanor crime that would have permitted a warrantless arrest or supported a conclusion of adequate probable cause justifying a warrantless arrest.

42. Defendants Corporal Christopher Oves (2319), Officer Michael Hartman (2287), Officer Brian Helton (2514), and Officer Jonathan Anspach (2294) acted without probable cause and lawful authority to commence and continue the vehicle pursuit and/or mobile surveillance.

43. Defendants Corporal Christopher Oves (2319), Officer Michael Hartman (2287), Officer Brian Helton (2514), and Officer Jonathan Anspach (2294) acted without probable cause and lawful authority to initiate a five car collision in an effort to stop and detain Plaintiff Jacob Ryan Helsel.

44. Defendants Corporal Christopher Oves (2319), Officer Michael Hartman (2287), Officer Brian Helton (2514), and Officer Jonathan Anspach (2294) further lacked legal justification, lawful authority and/or any other basis to seize the person of Plaintiff Jacob Ryan Helsel and/or direct force at the person of Plaintiff Jacob Ryan Helsel.

45. At no time prior to, or during, the events described herein had Plaintiff Jacob Ryan Helsel overtly threatened Defendants Corporal Christopher Oves (2319), Officer Michael Hartman (2287), Officer Brian Helton (2514), and Officer Jonathan Anspach (2294) and/or any other members of the Montgomery County Police Department. Furthermore, Plaintiff Jacob Ryan Helsel had not acted to harm himself, the passenger in his vehicle, or any civilians who were

present or proximate to the above-described police chase and/or mobile surveillance. Defendants Corporal Christopher Oves (2319), Officer Michael Hartman (2287), Officer Brian Helton (2514), and Officer Jonathan Anspach (2294) had no rational basis to conclude that Plaintiff Jacob Ryan Helsel posed a risk of harm to himself or to the safety of any other persons.

46. The conduct of Defendants Corporal Christopher Oves (2319), Officer Michael Hartman (2287), Officer Brian Helton (2514), and Officer Jonathan Anspach (2294), in among other things striking the 2018 Mercedes-Benz operated by Plaintiff Jacob Ryan Helsel and utilizing physical force against Plaintiff Jacob Ryan Helsel, was undertaken recklessly and with wanton disregard for the occupants the 2018 Mercedes-Benz including, but not limited to Plaintiff Jacob Ryan Helsel; was without legal justification; and was improperly motivated by ill will and actual malice including, but not limited to, a desire to inflict pain, suffering, and injury upon the occupants of the vehicle including Plaintiff Jacob Ryan Helsel.

47. The force directed against Plaintiff Jacob Ryan Helsel was unnecessary, unreasonable, and excessive.

48. Plaintiff Jacob Ryan Helsel in no way consented to the described use of force by Defendants Corporal Christopher Oves (2319), Officer Michael Hartman (2287), Officer Brian Helton (2514), and Officer Jonathan Anspach (2294); in no way provoked, contributed to, or in any way presented just or reasonable cause for Corporal Christopher Oves (2319), Officer Michael Hartman (2287), Officer Brian Helton (2514), and Officer Jonathan Anspach (2294) to act they did; and did nothing to contribute to the unlawful and unjustified use of force carried out by Defendants Corporal Christopher Oves (2319), Officer Michael Hartman (2287), Officer Brian Helton (2514), and Officer Jonathan Anspach (2294).

49. As a direct proximate result of the above-described events, Plaintiff Jacob Ryan Helsel suffered serious and permanent physical injuries.

50. In addition to the physical injuries described herein, Plaintiff Jacob Ryan Helsel suffered the following injuries and damages as a direct proximate result of actions by Defendants Corporal Christopher Oves (2319), Officer Michael Hartman (2287), Officer Brian Helton (2514), and Officer Jonathan Anspach (2294):

    a. Violation of his well-established constitutional rights under the Fourth and Fourteenth Amendment of the United States Constitution to be free from an unreasonable search and seizure of his person;

    b. Violation of his constitutional rights under the Maryland Declaration of Rights clearly established and well settled state constitutional rights under the Maryland Declaration of Rights Articles 24 and 26 including, but not limited to: Freedom from the use of excessive, unreasonable, and unjustified force against his person;

    c. Loss of his physical liberty;

    d. Physical pain and suffering;

    e. Emotional trauma and suffering, embarrassment, and mental anguish;

    f. Lost wages and loss of future earning potential;

    g. Additional damages, including but not limited to property damage to Plaintiff's 2018 Mercedes-Benz; and

    h. And has suffered and will continue to suffer economic loss due to the sums of money spent to alleviate his injuries.

51. The actions of actions by Defendants Corporal Christopher Oves (2319), Officer Michael Hartman (2287), Officer Brian Helton (2514), and Officer Jonathan Anspach (2294) violated the

following clearly established and well settled federal and state constitutional rights of Plaintiff

Jacob Ryan Helsel:

    a.   Freedom from the unreasonable seizure of his person; and

    b.   Freedom from the use of excessive, unreasonable, and unjustified force against

       his person.

52. Plaintiff Jacob Ryan Helsel was not charged with any criminal charges and/or traffic

violations.

## Causes of Action

### COUNT I – BATTERY
**(Plaintiff Jacob Ryan Helsel v. Defendants Montgomery County Police Corporal Christopher Oves (2319), Officer Michael Hartman (2287), Officer Brian Helton (2514), and Officer Jonathan Anspach (2294))**

53. Plaintiff Jacob Ryan Helsel hereby incorporates Paragraphs 1 through 52 as if fully

restated herein.

54. Defendants Corporal Christopher Oves (2319), Officer Michael Hartman (2287), Officer

Brian Helton (2514), and Officer Jonathan Anspach (2294) engaged in intentional acts of

unlawful conduct with Plaintiff Jacob Ryan Helsel such that the Plaintiff sustained serious and

permanent injuries.

55. Defendants Corporal Christopher Oves (2319), Officer Michael Hartman (2287), Officer

Brian Helton (2514), and Officer Jonathan Anspach (2294) directed unreasonable, unlawful, and

excessive force against Plaintiff Jacob Ryan Helsel.

56. Plaintiff Jacob Ryan Helsel in no way consented to the described contact by Defendants

Corporal Christopher Oves (2319), Officer Michael Hartman (2287), Officer Brian Helton

(2514), and Officer Jonathan Anspach (2294); in no way provoked, contributed to, or in any way

presented just or reasonable cause for Defendants Corporal Christopher Oves (2319), Officer

12

Michael Hartman (2287), Officer Brian Helton (2514), and Officer Jonathan Anspach (2294) to act as they did; and did nothing to contribute to the unlawful touching that Defendants Corporal Christopher Oves (2319), Officer Michael Hartman (2287), Officer Brian Helton (2514), and Officer Jonathan Anspach (2294) inflicted upon him.

57. The conduct of Defendants Corporal Christopher Oves (2319), Officer Michael Hartman (2287), Officer Brian Helton (2514), and Officer Jonathan Anspach (2294), in among other colliding into the 2018 Mercedes-Benz operated by Plaintiff Jacob Ryan Helsel, was undertaken recklessly; with wanton disregard for the occupants the 2018 Mercedes-Benz including, but not limited to Plaintiff Jacob Ryan Helsel; without legal justification; and was improperly motivated by ill will and actual malice including, but not limited to, a desire to inflict pain, suffering, and injury upon the occupants of the vehicle including Plaintiff Jacob Ryan Helsel.

58. As a direct and proximate result of the assault perpetrated Defendant Montgomery County Police Corporal Christopher Oves (2319), Officer Michael Hartman (2287), Officer Brian Helton (2514), and Officer Jonathan Anspach (2294), Plaintiff Jacob Ryan Helsel sustained significant injuries, medical bills, and psychological damages.

**COUNT II-FALSE IMPRISONMENT**
**(Plaintiff Jacob Ryan Helsel v. Defendants Montgomery County Police Corporal Christopher Oves (2319), Officer Michael Hartman (2287), Officer Brian Helton (2514), and Officer Jonathan Anspach (2294))**

59. Plaintiff Jacob Ryan Helsel hereby incorporates Paragraphs 1 through 52 as if fully restated herein.

60. Defendants Corporal Christopher Oves (2319), Officer Michael Hartman (2287), Officer Brian Helton (2514), and Officer Jonathan Anspach (2294) falsely imprisoned the Plaintiff throughout the course of events described herein.  The instances of a false imprisonment include, but are not limited to, the time periods during which Plaintiff Jacob Ryan Helsel was (1) struck

while occupying a motor vehicle (2) blocked by Defendant's in his vehicle; and (3) pushed, shoved, and slammed body into vehicle by Defendants.

61. The actions of Defendants Corporal Christopher Oves (2319), Officer Michael Hartman (2287), Officer Brian Helton (2514), and Officer Jonathan Anspach (2294) caused Plaintiff Jacob Ryan Helsel to be unlawfully deprived of his liberty, unable to escape a vicious attack, and incapable of seeking necessary medical attention.

62. As a result of the unlawful conduct described herein, Plaintiff Jacob Ryan Helsel was detained against his will and sustained significant injuries and damages described herein.

63. The Defendant's actions demonstrate ill will, improper motivation, evil purpose, and/or actual malice.

64. As a direct consequence in result of the acts of Defendants Corporal Christopher Oves (2319), Officer Michael Hartman (2287), Officer Brian Helton (2514), and Officer Jonathan Anspach (2294) described herein, the Plaintiff was deprived of his liberty, was caused to suffer permanent physical injuries, and has suffered and will continue to suffer economic loss due to the sums of money spent to alleviate the injuries that were inflicted by the Defendant. The Plaintiff has also suffered additional injuries which are not expressly enumerated herein.

## COUNT III – GROSS NEGLIGENCE
**(Plaintiff Jacob Ryan Helsel v. Defendants Montgomery County Police Corporal Christopher Oves (2319), Officer Michael Hartman (2287), Officer Brian Helton (2514), and Officer Jonathan Anspach (2294))**

65. Plaintiff Jacob Ryan Helsel hereby incorporates Paragraphs 1 through 52 as if fully set forth herein.

66. Defendants Officers' use of force described herein amounted to gross negligence as Defendant Officers initiated force, as described herein, on a public street, in the vicinity of the

general public, in a wanton and reckless manner, without any regard to the safety of other traveling in the vicinity and/or on the public roadways.

67. Defendant Officers otherwise acted in a wanton and reckless manner by engaging in the use of force.

68. Defendant Officers acted in a wanton and reckless manner, was careless, and grossly negligent as they initiated and maintained the use of force; utilizing force in an indiscriminate manner; utilizing force in a manner which posed an unreasonable risk of harm to citizens who were not otherwise engaged with the police; failing to account for members of the general public including but not limited to Plaintiff Jacob Ryan Helsel prior to initiating the use of force; utilizing force when they were engaged in other activities including, driving that made it difficult and/or impossible to adequately control the direction of travel of all vehicles involved to avoid citizens in the vicinity of the happening; utilizing excessive force in an unreasonable and imprudent manner which created and actual danger to bystanders, drivers, and pedestrians who were lawfully on the public roadway; excessive use of force; failing to adhere to Montgomery County Police Department policies, procedures, rules, and/or regulations; utilizing force in a reckless and careless manner and in violation of the Montgomery County Police Department General Orders; the use of force described herein created actual danger to the general public in the vicinity, drivers and pedestrians who were lawfully on the public roadway; and in other respects not know to Plaintiff Jacob Ryan Helsel, but which may become known prior to the time of trial.

69. But for the Defendant Officers' collective use of force, the automobile collision with Jacob Ryan Helsel and his corresponding injuries and damages would have never occurred.

70. At all times relevant herein, Plaintiff Jacob Ryan Helsel was free of any negligence and/or contributory negligence.

15

71. As a direct and proximate result of the aforesaid gross negligence and gross carelessness, Plaintiff Jacob Ryan Helsel suffered serious injuries and damages, including but not limited to extensive property damage to the vehicle he was operating.

**COUNT IV – VIOLATION OF 42 U.S.C. 1983 –
FOURTH AND FOURTEENTH AMENDMENTS
(Plaintiff Jacob Ryan Helsel v. Defendants Montgomery County Police Corporal
Christopher Oves (2319), Officer Michael Hartman (2287), Officer Brian Helton (2514),
and Officer Jonathan Anspach (2294))**

72. Plaintiff Jacob Ryan Helsel hereby incorporates Paragraphs 1 through 71 as if fully restated herein.

73. At all times relevant to this Complaint, Plaintiff Jacob Ryan Helsel had rights afforded to him by the Fourth and Fourteenth Amendments to the United States Constitution not to have his person or property unlawfully searched, seized, or detained in an unreasonable manner; not to be deprived of his liberty without due process of the law; not to be subjected to excessive force during the course of a vehicle pursuit and/or arrest.

74. At all times relevant herein, Defendants Corporal Christopher Oves (2319), Officer Michael Hartman (2287), Officer Brian Helton (2514), and Officer Jonathan Anspach (2294) were acting under the color of State and local law and as a member of the Montgomery County Police Department. Their conduct therefore triggers 42 U.S.C. §1983.

75. Defendants Corporal Christopher Oves' (2319), Officer Michael Hartman's (2287), Officer Brian Helton's (2514), and Officer Jonathan Anspach's (2294) actions and omissions deprived Plaintiff Jacob Ryan Helsel of his clearly established and well-settled constitutional rights.

16

76. Defendants Corporal Christopher Oves (2319), Officer Michael Hartman (2287), Officer Brian Helton (2514), and Officer Jonathan Anspach (2294) knowingly acted to deprive the Plaintiff of his constitutional rights maliciously and with reckless disregard for the same.

77. Plaintiff Jacob Ryan Helsel claims damages for the injuries set forth above under 42 U.S.C. § 1983 against Defendants Montgomery County Police Corporal Christopher Oves (2319), Officer Michael Hartman (2287), Officer Brian Helton (2514), and Officer Jonathan Anspach (2294) for violation of his constitutional rights under color of law.

### COUNT III – VIOLATION OF
### MARYLAND STATE DECLARATION OF RIGHTS
**(Plaintiff Jacob Ryan Helsel v. Defendants Montgomery County Police Corporal Christopher Oves (2319), Officer Michael Hartman (2287), Officer Brian Helton (2514), and Officer Jonathan Anspach (2294))**

78. Plaintiff Helsel hereby incorporates Paragraphs 1 through 71 as if fully restated herein.

79. As a direct and proximate result of the actions and omissions of Defendants Corporal Christopher Oves (2319), Officer Michael Hartman (2287), Officer Brian Helton (2514), and Officer Jonathan Anspach (2294), described herein, all of which were committed under the color of their authority as  members of the Montgomery County Police Department and while acting in the capacity of duly authorized police officers, Plaintiff Helsel was deprived of rights and immunities secured to him under Articles 24 and 26 of the Maryland Declaration of Rights – in particular, his right not to be subjected excessive force during the course of an ongoing stop, detainment, and/or arrest.

80. As a direct consequence and result of the actions and omissions of Defendants Corporal Christopher Oves (2319), Officer Michael Hartman (2287), Officer Brian Helton (2514), and Officer Jonathan Anspach (2294), described herein, Plaintiff Helsel was deprived of his liberty; was caused to suffer physical injuries; lost time from his employment; and has suffered and will

17

continue to suffer economic loss due to the sums of money spent to alleviate the injuries that were inflicted by the Defendant.

## **Demand for Damages**

WHEREFORE, Plaintiff Jacob Ryan Helsel hereby requests that this Honorable Court:

(A)     Award the Plaintiff actual, compensatory, and consequential damages in an amount to be determined at trial against Defendant Montgomery County Police Corporal Christopher Oves (2319), Officer Michael Hartman (2287), Officer Brian Helton (2514), and Officer Jonathan Anspach (2294), jointly and severally;

(B) Award Plaintiff punitive damages in an amount to be determined at trial against Defendant Montgomery County Police Corporal Christopher Oves (2319), Officer Michael Hartman (2287), Officer Brian Helton (2514), and Officer Jonathan Anspach (2294), jointly and severally;

(C) Award costs of this action to the Plaintiff;

(D) Award the Plaintiff reasonable attorney's fees and costs incurred in pursuing this action, as provided under 42 U.S.C. §§ 1983 and 1988; and

(E) Award such other and further relief as this Court may deem just and appropriate.

Respectfully submitted,

IAMELE & IAMELE, LLP


_____- s-_____
Anton L. Iamele, Federal Bar No. 14845
201 North Charles Street, Suite 400
Baltimore, Maryland 21201
410-779-6160 (Telephone)
410-779-6161 (Facsimile)
aiamele@iamelelaw.com
*Counsel for Plaintiff, Jacob Ryan Helsel*

## **PRAYER FOR JURY TRIAL**

Plaintiff hereby requests that all issues raised in this Complaint be decided by way of a

jury trial.

_____- s-_____
Anton L. Iamele